# United States Court of Appeals for the Fifth Circuit

--------

No. 23-10517
Summary Calendar

--------

United States Court of Appeals
Fifth Circuit

**FILED**

January 9, 2024

Lyle W. Cayce
Clerk

Marcus Jarrod Payne,

*Plaintiff—Appellant,*

*versus*

The Anthony Scott Law Firm, P.L.L.C., *also known as* Brendetta Anthony Scott; Stacy Eley Payne, co-conspirator; Stacey G. Jernigan,

*Defendants—Appellees.*

--------

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:22-CV-2926

--------

Before Elrod, Haynes, and Douglas, *Circuit Judges.*

Per Curiam:[*]

Marcus Jarrod Payne filed a 42 U.S.C. § 1983 complaint seeking damages from the defendants, alleging violations of the First Amendment, federal conspiracy statutes, and a common law claim for intentional infliction of emotional distress. The district court denied Payne's repeated motions to

--------

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-10517

amend his complaint to join a defendant, adjudicated him a vexatious litigant, and dismissed his § 1983 complaint for failure to state a claim upon which relief may be granted. Payne has now filed a motion for authorization to proceed in forma pauperis (IFP) on appeal, which constitutes a challenge to the district court's certification that any appeal would not be taken in good faith because Payne will not present a nonfrivolous appellate issue. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Payne's motion to supplement the brief is GRANTED.

Payne does not brief or challenge the district court's dismissal of his claims against the defendants on the basis that they are not state actors for purposes of a § 1983 action. Accordingly, his claims are deemed abandoned. *See Yohey v. Collins*, 985 F. 2d 222, 224-25 (5th Cir. 1993); *Brinkmann v. Dallas Cnty. Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Further, the district court correctly determined that it would have been futile under the doctrine of judicial immunity to add Judge Stacey G. Jernigan as a defendant given that Payne's allegations concerned the judge's adverse rulings in Payne's bankruptcy proceedings. *See Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005); *Martin's Herend Imports, Inc. v. Diamond & Gem Trading United States Co.*, 195 F.3d 765, 771 (5th Cir. 1999). Similarly, Payne's claims of impartiality alleged in his motion to recuse were based solely on the magistrate judge's adverse rulings. *See* 28 U.S.C. § 455(a), (b)(1). Accordingly, he has failed to show that the district court abused its discretion in denying his recusal motion. *See United States v. Scroggins*, 485 F.3d 824, 830 (5th Cir. 2007).

Lastly, Payne does not dispute the litigation history cited by the district court in support of its vexatious litigant ruling or the district court's analysis of the remaining factors set forth in *Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 189 (5th Cir. 2008). Accordingly, he has failed to show

No. 23-10517

that the district court abused its discretion in declaring him to be a vexatious litigant. *See Baum*, 513 F.3d at 189; *Newby v. Enron Corp.*, 302 F.3d 295, 302 (5th Cir. 2002).

The appeal is without arguable merit and is thus frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, his motion to proceed IFP on appeal is DENIED, and the appeal is DISMISSED. *See Baugh*, 117 F.3d at 202 n.24; 5th Cir. R. 42.2. In light of the frivolousness of the instant appeal, as well as the litigation history cited by the district court in support of its vexatious litigant adjudication, Payne is WARNED that future repetitive or frivolous filings in this court or any court subject to this court's jurisdiction may subject him to sanctions. *See Coghlan v. Starkey*, 852 F.2d 806, 817 (5th Cir. 1988).